**MEMO ENDORSED**

Gregory P. Mouton, Jr., Principal

+1 646 706 7481 (t)
+1 646 706 7481 (f)
gmouton@moutonlawnyc.com

February 24, 2020

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Via ECF

Re: Caraballo v. City of New York, 18 Civ. 10335 (ER) (SN)

Your Honor:

> The parties are directed to appear for a discovery conference on April 2 at 10:30 a.m. The parties are ORDERED to meet and confer regarding these discovery disputes prior to the April 2 conference.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: Mar. 2, 2020
> New York, New York

My office represents Plaintiff David Caraballo in the above-entitled action. In that capacity, I write to respectfully request a pre-motion conference that the Court direct Defendants to provide documents and information responsive to the various demands.[1]

## I.    MEETING AND CONFERRING IS FUTILE

Meeting and conferring on the issues presented in the instant application would be futile as Defendant City of New York routinely refuses to provide *Monell*-related discovery in civil rights cases absent a Court directive. "[C]ourts have excused the meet-and-confer requirement where… efforts at informal compromise would have been clearly futile." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 14 Civ. 6016 (ER), 318 F.R.D. 28, 2016 U.S. Dist. LEXIS 166395, 2016 WL 7031625 at *11 n.16 (S.D.N.Y. Nov. 30, 2016) (internal quotation marks omitted). Here, ordering the parties to meet and confer at this point would only "further delay . . . resolving these issues on the merits." *Time Inc. v. Simpson*, 02 Civ. 4917 (MBM)(JCF), 2002 U.S. Dist. LEXIS 24335, 2002 WL 31844914 at *2 (S.D.N.Y. Dec. 18, 2002) (Francis, M.J.) (excusing failure to meet and confer); *see also Gibbons v. Smith*, 01 Civ. 1224 (LAP), 2010 U.S. Dist. LEXIS 13938, 2010 WL 582354 at *2 (S.D.N.Y. Feb. 11, 2010) ("relief from the meet-and-confer requirement" is warranted where "any attempt to resolve the dispute informally would have been futile"); *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 05 Civ. 10174, 2007 U.S. Dist. LEXIS 74193, 2007 WL 2900217 at *1 (S.D.N.Y. Oct. 4, 2007) ("Courts have excused a failure to meet and confer in situations where to do so [*7] would be clearly futile, or exigent time constraints mandate immediate action.").

---

[1] Defendants' responses are annexed hereto as Exhibit 1.

## II. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE UNREDACTED CCRB, CPI, IAB, DEPARTMENT ADVOCATE, AND CHIEF OF DEPARTMENT INDEXES

Defendants should be directed to produce "complete unredacted IAB, CPI and CCRB summaries regardless of whether they post-date plaintiff's arrest or involve open investigations." *Cordero v. City of N.Y.*, 15 CV 3436 (JBW) (MDG) at *1 (E.D.N.Y. March 25, 2016) (Docket Entry No. 36); *see also Kitevsky v. City of New York*, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006) (open allegations discoverable); *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (allegations that post-date incident are discoverable).

Defendants should be compelled to produce the Department Advocate summaries and files for the individual Defendants. CCRB, acting as an initial investigative body, sends complaints that are found to be "substantiated" to the Department Advocate's Office for further investigation and potential discipline. Given that the Department Advocate's Office investigates and disciplines officers for misconduct,[2] the summaries and files are clearly discoverable.

Defendants should be compelled to produce the Chief of Department summaries and files for the individual Defendants. The Chief of Department conducts investigations into misconduct by officers within the NYPD through borough- or precinct-level investigators.[3] As such, the summaries and files from the Chief of Department are clearly relevant and discoverable.

## III. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE THE UNDERLYING DISCIPLINARY FILES

Document Request Nos. 1 – 10 & 12 - 14 demanded the underlying files for various disciplinary investigations conducted into the individual defendants and disclosed to Plaintiff pursuant

---

[2] *See, e.g.*, *Alvarez v. City of New York*, 31 F.Supp.2d 334, 336 (S.D.N.Y. 1998) (member of Department Advocate's office "investigated and prosecuted cases involving allegations of police brutality and misconduct"); *Floyd v. City of N.Y.*, 959 F.Supp.2d 668, 684 (S.D.N.Y. 2013) ("The Department Advocate's Office must improve its procedures for imposing discipline in response to the Civilian Complaint Review Board's… findings of substantiated misconduct").

[3] *See, e.g.*, "Observations on Accountability and Transparency in Ten NYPD Chokehold Cases" at p. v. (located at http://www1.nyc.gov/assets/oignypd/downloads/pdf/chokehold_report_1-2015.pdf); *Banushi v. City of N.Y.*, 14 CV 582 (KAM) (LB) at *2 (E.D.N.Y. Feb. 21, 2014) (noting investigation was transferred from IAB to the Chief of Department); *Bazile v. City of N.Y.*, 215 F.Supp.2d 354, 373 (S.D.N.Y. 2002) (investigative report finding misconduct by officer submitted to the Chief of Department).

to Local Rule 83.10.[4]  In response to each demand, Defendants refused to provide copies of the underlying files to Plaintiff.[5]

Defendants should be compelled to produce the underlying disciplinary files, as well as those from the Department Advocate and Chief of Department.  It is well established that the underlying disciplinary files are discoverable.  *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); *Pacheco v. City of New York*, 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006); *Kitevsky v. City of New York*, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006) (open allegations discoverable); *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (allegations that post-date incident are discoverable).

Several courts in this district have also rejected the objection, made regularly by the City of New York, to the production of unsubstantiated CCRB complaints on grounds of relevance. "Although a CCRB finding that a complaint was 'Unfounded' or 'Unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiff[] should be afforded the opportunity to review the file."  *Reyes v. City of New York*, 00 Civ. 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000); *see also Castro v. City of New York*, 94 Civ. 5114, 94 Civ. 6767, 1996 WL 355378 (S.D.N.Y. June 27, 1996) ("For discovery purposes, the complaints satisfy the requirements that their disclosure may lead to the discovery of admissible evidence."); *Malsh v. New York City Police Dep't*, 92 Civ. 2973, 1995 WL 217507, at *1-2, (S.D.N.Y. Apr. 11, 1995) (same); *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997).

## IV.  DEFENDANTS SHOULD BE COMPELLED TO PRODUCE RECENT PHOTOGRAPHS OF THE INDIVIDUAL DEFENDANTS

Document Request Nos. 15 – 17 demanded recent photographs of the individual defendants. Defendants should be compelled to produce labeled photographs of the individual defendants.  The law in the Second Circuit on this topic is well developed.  Photographs of civil rights defendants are discoverable.  *See Murphy v. West*, 533 F. Supp. 2d 312, 317 (W.D.N.Y. 2008); *Beckles v. City of New York*, 08-CV-3687 (RJH) (JCF), 2010 WL 1841714, *5 (S.D.N.Y. May 10, 2010); *Castro v. City of New York*, 94-CV-5914 (JFK), 1995 WL 699730, *1 (S.D.N.Y. Nov. 28, 1995);  *Lozano v. City of New York*, 88-CV- 659 (SWK), 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992); *Snoussi v. Bivona*, 05-CV-3133 (RJD) (LB), 2009 WL 701007 (E.D.N.Y. Mar 3, 2009); *Plair v. City of New York*, 10-CV- 8177 (RWS) (S.D.N.Y. May 29, 2012) (Docket Entry 58); *Chavez v. City of New York*, 11-CV-117 (PAE) (S.D.N.Y. Dec. 23, 2011) (Docket Entry 25); *Joyner v. City of New York*, 12-CV-177 (ENV) (E.D.N.Y. Aug. 1, 2012) (Docket Entry 16); *Harrison v. City of New York*, 11-CV-2762 (SLT) (E.D.N.Y. April 13, 2012) (Docket Entry 18).

---

[4] Local Rule 83.10(5)(a)(iii) provides that "The City shall serve on plaintiff… [f]or each defendant, the CCRB and CPI indices of complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility.  If the complaint alleges that a defendant officer used excessive force, the City will state whether that defendant officer has been or is on NYPD 'force monitoring.'"

[5] In response to Document Request Nos. 3, 5, 10, & 12 - 14, Defendants agreed to only produce the closing report for the respective investigations, rather than the entire underlying file.

Furthermore, Courts have repeatedly found that any argument regarding the safety of the defendant officers is "easily addressed" through the use of a confidentiality agreement. *Santos v. City of New York*, No. 16 Civ. 8389 (RMB) (BCM), 2017 WL 476792, at *5 (S.D.N.Y. Jan. 13, 2017) (citing *Beckles v. City of New York*, 2010 WL 1841714, at *1 n. 1 (S.D.N.Y. May 10, 2010)).

## V. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE THE DIGITIAL FILE OF PLAINTIFF'S MUGSHOTS

Defendants have produced three photographs in their possession of Mr. Caraballo depicting his injuries on or about the date of the incident. However, these photographs are nothing more than thumbnails as they are contained within other documents. Mr. Caraballo demanded the production of the original digital files of said photographs, which are contained in the NYPD and NYC Department of Corrections computers, but Defendants have refused to produce these documents. In essence, Defendants argue that the thumbnails are more than sufficient production of the photographs, although they show no true level of detail, and certainly not the level of detail that the original, digital files would show. Mr. Caraballo respectfully requests that the Court compel Defendants to produce copies of the original, digital files of these photographs.

## VI. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE UNREDACTED COPIES OF DEFENDANTS' MEMOBOOKS

Defendants should be compelled to produce unredacted copies of all of the individual defendants' memo books for the tour during which Plaintiff was arrested. *See Cordero v. City of N.Y.*, 15 CV 3436 (JBW) (MDG) at *1 (E.D.N.Y. Apr. 22, 2016) (Docket Entry No. 42) (directing Defendants to produce unredacted memo book entries for the tour during which the plaintiff was arrested).

## VII. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE *MONELL* DISCOVERY RELATED TO THE NYPD SANCTIONED EMPLOYEE FIGHTS

Rather than deal with inter-employee issues through disciplinary and management, Defendant City of New York sanctions and allows the promotion of a cop vs. cop fight club, even going so far as to pressure them into fighting by announcing the potential fights and fight demands via produced videos known as "Smoker Talk" that are distributed to officers throughout the force and on social media.[6]

These are not friendly fights, and the officers train and seek to inflict real damage on each other.[7] In fact, it appears that the NYPD recognizes that such threatened and actual violence should result in disciplinary charges, but only prosecutes some instances, while allowing other fights to be promoted and held.[8] Some experts and critics argue that these fights encourage violent behavior, and

---

[6] David Diev, and NYPD Lieutenant who arranges these fights, acknowledged that the use of these videos ensured that an officer "can't pull out" of the fight.

[7] For example, prior to fighting his fellow officer, Police Officer Dylan Mattern stated in an interview, "I'm going to go out there and try to break his ribs."

[8] *See, e.g.*, "EXCLUSIVE: NYPD detective faces department charges for challenging fellow cop to boxing match known as the 'Smoker'" (located at https://www.nydailynews.com/new-york/ny-metro-cop-faces-charges-for-smoker-20180707-story.html).

at least one of the individual defendants (Defendant Mangano) is known to have participated in one of these fights.

Plaintiff has demanded the results of any investigation into the smokers by the NYPD, as well as any investigations into the individual defendants' participation.  *See* Document Request Nos. 11 & 22 – 25.  Defendants deny that information regarding smokers is relevant, any further allege that it is run by a private group[9] despite the fact that the Lieutenant David Diev, the organizer, has acknowledged in interviews that the fights are NYPD sanctioned, and that it is clear from numerous sources that are publicly available, including videos, that these fights are organized and promoted during working hours at the NYPD and within NYPD precincts, including during roll call and other meetings.  However, because the NYPD clearly monitors smokers; is aware of and promotes officer-on-officer violence; and because the routine use of violence where it is not warranted is at issue in this matter, this information is clearly relevant.  Mr. Caraballo requests that the Court compel Defendants to produce information and documents in response to the foregoing demands.

    Respectfully submitted,

    /s/
    Gregory P. Mouton, Jr., Esq.

cc:

New York City Law Department (via ECF)
*Attorneys for Defendants*
100 Church Street
New York, NY  10007

---

[9] The use of the private group to act as a front for these fights appears to be a recent development in the history of smokers.  It appears that the private group, a private boxing organization, puts on regular boxing matches for people who are part of their organization and simply inserts the smokers in between the regular bouts, ostensibly in an attempt to save money and provide a free venue for the smokers.